IN THE CHANCERY COURT OF MADISON COUNTY, TENNESSEE

FLINT AND KAY COX,      )
                        )
    Plaintiffs,          )
                        )
VS.                     )   DOCKET NO. 70443
                        )
CENTRAL MUTUAL INSURANCE)
COMPANY, d/b/a CENTRAL  )
INSURANCE COMPANIES,    )
                        )
    Defendant.          )

*DEFENDANT'S COPY*

FILED
TIME: 8:30
APR 16 2013
PAM CARTER
CLERK & MASTER
BY: _____ DEPUTY CLERK

### COMPLAINT

COME NOW the Plaintiffs, Flint and Kay Cox ("the Coxes"), and for their Complaint against the Defendant, Central Mutual Insurance Company, d/b/a Central Insurance Companies ("Central"), would state the following:

#### Jurisdiction and Venue

1. The Coxes are individuals who own a building located at 235 Highway 45 Bypass, Humboldt, Madison County, Tennessee ("Cox Property").

2. Central is an insurance company organized in the State of Georgia and doing business throughout Tennessee. Central entered into a contract of insurance with the Coxes to provide commercial property insurance for the above listed building, Central Policy no. CLP 8877538 ("the policy"). (Policy attached as **Exhibit A**.)

3. This litigation involves a breach of insurance contract that was entered into and to be performed in Madison County, Tennessee. As such, Central is subject to personal and subject matter jurisdiction of the Chancery Court of Madison County.

6284-17-CHB, SEB; Page 1

EXHIBIT #1

4. The damage to the Cox Property from storm and subsequent loss, occurred in Madison County, Tennessee, in late April or May of 2011.

5. Jurisdiction and venue are proper in this court and all acts and/or omissions occurred in Madison County, Tennessee.

### Facts

6. The Coxes own and are the insureds for the Cox Property listed above.

7. At all times material hereto, the Coxes maintained a commercial insurance policy insuring the Cox Property with Central.

8. Pursuant to the policy, the Coxes were required to pay a premiums to Central in exchange for insurance coverage. The Coxes paid the required premium at all times relevant to this Complaint.

9. In late April or May of 2011, the Cox Property suffered significant damage as a result of heavy winds, hail, rain, and storms.

10. The damage was reported to Central pursuant to the policy.

11. Central began investigating the claim following the report of damage.

12. When the parties were unable to come to an agreement on the value of the damage to the Cox Property, the Coxes requested an appraisal to resolve the amount of the loss. The Coxes appointed Lewis O'Leary as their appraiser for the appraisal panel. Central appointed John Chianese as its appraiser.

13. When the appraisers were unable to agree on the value of the damage, the policy required the appraisers to agree upon an umpire and if they could not agree on an umpire either party could request the appointment of an umpire by a judge. The appraisers were unable to agree upon an umpire.

14. On March 18, 2013, a Request for Appointment of an Umpire was submitted to the Chancellor of this Court. (Request for Appointment of Umpire attached as **Exhibit B.**)

6284-17-CHB, SEB; Page 2

15. On March 19, 2013, the Chancellor of this Court appointed Greg Bird as the umpire of the appraisal panel. (Appointment Order attached as **Exhibit C.**)

16. The Coxes have fulfilled their duties imposed upon them under the policy.

17. The Coxes have mitigated their damages damages to the extent possible and acted reasonably at all times material hereto.

18. Almost two years have elapsed since the date of loss, and Central has failed to pay to the Coxes any sums due and owing under the policy for losses covered by the policy.

19. The policy states, on page 33 under "Commercial Property Conditions," that a legal action must be brought against Central "within two years after the date on which the direct physical loss or damage occurred."

20. The Coxes believe and would show to the Court that Central has engaged in bad faith practices in failing to fully pay the Coxes's claim and failing to properly and timely adjust the Coxes's claim.

21. Central's failure to pay the Coxes the amounts owed to them for their covered losses is without justification and is in bad faith.

22. Central's refusal to pay the money and benefits due and owing to the Coxes under the policy has caused the Coxes to seek legal counsel and to initiate this Complaint to recover the insurance proceeds to which they are entitled.

## Causes of Action

### I. Breach of Contract

23. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 22 of this Complaint as if set forth verbatim herein.

24. The policy issued by Central is a binding contract, and is supported by valid consideration.

25. Central is in total, material breach of the policy, and Central is liable to the Coxes

under the policy for the loss. Specifically, Central's breach of contract includes, without limitation, its failure and refusal to pay all of the Coxes's losses that were covered under the terms of the policy.

26. As a result of Central's breach of contract, the Coxes has sustained substantial compensable losses for the amounts claimed under the policy, as well as money damages for economic losses, including, but not limited to, loss of credit, loss of insurability, loss of use of collateral, loss of income, loss of use of personal property, travel, damage occurring after the Loss, and other numerous and assorted incidental and consequential damages.

## II. Violation of the Consumer Protection Act

27. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 26 of this Complaint as if set forth verbatim herein.

28. Central engaged in unfair and deceptive acts or practices which violate the Tennessee Consumer Protection Act, as codified at T.C.A. § 47-18-101, et seq.

29. Specifically, pursuant to T.C.A. § 47-18-104 (27), said unfair and deceptive practices include, without limitation, the following:

    a. Intentional failure to process the Coxes's claim in a prompt fashion to the benefit of Central and the detriment of the Coxes;

    b. Central's method of investigation of the claim has resulted in a delay of adjusting the Coxes's claim, and it is for the sole purpose of denying the legitimacy of the claim, with no good faith reason for the delay; and

    c. Central's failure to properly adjust the Coxes's claim and to pay the Coxes fully for their insured losses.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray:

A. For compensatory damages against Central for breach of contract for all sums due under the coverages available under the contract;

B. For treble damages and attorney's fees against the Defendants under the Tennessee

Consumer Protection Act;

    C.    For reasonable attorney's fees incurred as a result of this action;

    D.    For all costs incurred by the Coxes as a result of this action;

    E.    For pre-judgment and post-judgment interest; and

    F.    For such other further and general relief as this Court deems just and equitable.

Respectfully submitted,

SPRAGINS, BARNETT & COBB, PLC

BY: *(signature)*

Charles H. Barnett, III - 008721
Sara E. Barnett – 021379
Attorneys for Plaintiffs
312 E. Lafayette, P.O. Box 2004
Jackson, TN 38302-2004
731-424-0461

**COST BOND**

We stand as sureties for costs in this cause.

SPRAGINS, BARNETT & COBB, PLC

By: *(signature)*

6284-17-CHB, SEB; Page 5

STATE OF TENNESSEE
COUNTY OF MADISON
I, Pam Carter, Clerk & Master of the Chancery Court at Jackson, Tennessee, certify that the foregoing and attached is a true copy of the _____
of record in this case.
This ___ day of _____, 20__
PAM CARTER
CLERK & MASTER
BY: _____ D.C. & M.

DEFENDANT'S COPY

## IN THE CHANCERY COURT OF MADISON COUNTY, TENNESSEE

| | |
|---|---|
| CCM ASSOCIATES, LLC,                                 )  | |
|     Plaintiff,                   )  | |
| VS.                                                  )  | DOCKET NO. 70444 |
| CENTRAL MUTUAL INSURANCE COMPANY, d/b/a CENTRAL INSURANCE COMPANIES, ) | FILED TIME: 8:50 A.M. ____ P.M. APR 16 2013 |
|     Defendant.                   )  | PAM CARTER CLERK & MASTER BY: _____ DEPUTY CLERK |

### COMPLAINT

COMES NOW the Plaintiff, CCM Associates, LLC, ("CCM"), and for its Complaint against the Defendant, Central Mutual Insurance Company d/b/a Central Insurance Companies ("Central"), would state the following:

#### A. Jurisdiction and Venue

1. CCM is a limited liability company, located at 23 Weatherford Square, Jackson, Madison County, Tennessee. It owns a building located at 2330 East End Dr., Humboldt, Tennessee ("CCM Property").

2. Central is an insurance company organized in the state of Georgia and doing business throughout Tennessee. Central entered into a contract of insurance with CCM to provide commercial property insurance for the above listed building, Central Policy No, CLP 88776212 ("the policy"). (Policy attached as **Exhibit A.**)

3. This litigation involves a breach of insurance contract that was entered into and to be performed in Madison County, Tennessee. As such, Central is subject to personal and subject matter jurisdiction of the Chancery Court of Madison County.

4.  The damage to the CCM Property from storm and subsequent loss, occurred in Madison County, Tennessee, in late April or May of 2011.

5.  Jurisdiction and venue are proper in this court and all acts and/or omissions occurred in Madison County, Tennessee.

### B. Facts

6.  CCM owns and is the insured for the CCM Property listed above.

7.  At all times material hereto, CCM maintained a commercial insurance policy insuring the CCM Property with Central.

8.  Pursuant to the policy, CCM was required to pay a premiums to Central in exchange for insurance coverage. CCM paid the required premium at all times relevant to this Complaint.

9.  In late April or May of 2011, the CCM Property suffered significant damage as a result of heavy winds, hail, rain, and storms.

10. The damage was reported to Central pursuant to the policy.

11. Central began investigating the claim following the report of damage.

12. When the parties were unable to come to an agreement on the value of the damage to the CCM Property, CCM requested an appraisal to resolve the amount of the loss. CCM appointed Lewis O'Leary as its appraiser for the appraisal panel. Central appointed John Chianese as its appraiser.

13. When the appraisers were unable to agree on the value of the damage, the policy required the appraisers to agree upon an umpire and if they could not agree on an umpire either party could request the appointment of an umpire by a judge. The appraisers were unable to agree upon an umpire.

14. On March 18, 2013, a Request for Appointment of an Umpire was submitted to the Chancellor of this Court. (Request for Appointment of Umpire attached as **Exhibit B.**)

15. On March 19, 2013, the Chancellor of this Court appointed Greg Bird as the umpire

of the appraisal panel. (Appointment Order attached as **Exhibit C.**)

16. CCM has fulfilled its duties imposed upon it under the policy.

17. CCM has mitigated its damages damages to the extent possible and acted reasonably at all times material hereto.

18. Almost two years have elapsed since the date of loss, and Central has failed to pay to CCM any sums due and owing under the policy for losses covered by the policy.

19. The policy states, on page 33 under "Commercial Property Conditions," that a legal action must be brought against Central "within two years after the date on which the direct physical loss or damage occurred."

20. CCM believes and would show to the Court that Central has engaged in bad faith practices in failing to fully pay CCM's claim and failing to properly and timely adjust CCM's claim.

21. Central's failure to pay CCM the amounts owed to it for its covered losses is without justification and is in bad faith.

22. Central's refusal to pay the money and benefits due and owing to CCM under the policy has caused CCM to seek legal counsel and to initiate this Complaint to recover the insurance proceeds to which it is entitled.

## C. Causes of Action

### I. Breach of Contract

23. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 22 of this Complaint as if set forth verbatim herein.

24. The policy issued by Central is a binding contract, and is supported by valid consideration.

25. Central is in total, material breach of the policy, and Central is liable to CCM under the policy for the loss. Specifically, Central's breach of contract includes, without limitation, its failure and refusal to pay all of CCM's losses that were covered under the terms of the policy.

26.    As a result of Central's breach of contract, CCM has sustained substantial compensable losses for the amounts claimed under the policy, as well as money damages for economic losses, including, but not limited to, loss of credit, loss of insurability, loss of use of collateral, loss of income, loss of use of personal property, travel, damage occurring after the Loss, and other numerous and assorted incidental and consequential damages.

## II.    Violation of the Consumer Protection Act

27.    Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 26 of this Complaint as if set forth verbatim herein.

28.    Central engaged in unfair and deceptive acts or practices which violate the Tennessee Consumer Protection Act, as codified at T.C.A. § 47-18-101, et seq.

29.    Specifically, pursuant to T.C.A. § 47-18-104 (27), said unfair and deceptive practices include, without limitation, the following:

   a.    Intentional failure to process CCM's claim in a prompt fashion to the benefit of Central and the detriment of CCM;

   b.    Central's method of investigation of the claim has resulted in a delay of adjusting CCM's claim, and it is for the sole purpose of denying the legitimacy of the claim, with no good faith reason for the delay; and

   c.    Central's failure to properly adjust CCM's claim and to pay CCM fully for its insured losses.

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray:

A.    For compensatory damages against Central for breach of contract for all sums due under the coverages available under the contract;

B.    For treble damages and attorney's fees against the Defendants under the Tennessee Consumer Protection Act;

C.    For reasonable attorney's fees incurred as a result of this action;

D.     For all costs incurred by CCM as a result of this action;

E.     For pre-judgment and post-judgment interest; and

F.     For such other further and general relief as this Court deems just and equitable.

Respectfully submitted,

SPRAGINS, BARNETT & COBB, PLC

BY: *Sara E. Barnett*

Charles H. Barnett, III – 008721
Sara E. Barnett – 021379
Attorneys for Plaintiff
312 E. Lafayette, P.O. Box 2004
Jackson, TN 38302-2004
731-424-0461

## COST BOND

We stand as sureties for costs in this cause.

SPRAGINS, BARNETT & COBB, PLC

By: *Sara E. Barnett*

STATE OF TENNESSEE
COUNTY OF MADISON
I, Pam Carter, Clerk & Master of the
Chancery Court at Jackson, Tennessee, certify
that the foregoing and attached is a true copy
of the _Complaint Exhibit A-C_
of record in this case.
This _16th_ day of _April_, 20_13_
PAM CARTER
CLERK & MASTER
BY: _____ D.C. & M.

6284-17-CHB, SEB; Page 5

IN THE CHANCERY COURT OF MADISON COUNTY, TENNESSEE

| | |
|---|---|
| COX-MCCARVER, LP, | ) |
| Plaintiff, | ) |
| VS. | ) DOCKET NO. 70445 |
| CENTRAL MUTUAL INSURANCE COMPANY d/b/a CENTRAL INSURANCE COMPANIES, | ) |
| Defendant. | ) |

FILED
TIME: 4:20
APR 1 6 2013
PAM CARTER
CLERK & MASTER
BY: _____
DEPUTY CLERK

DEFENDANT'S COPY

## COMPLAINT

COMES NOW the Plaintiff, Cox-McCarver, LP, ("Cox"), and for its Complaint against the Defendant, All America Insurance Company d/b/a Central Insurance Companies ("Central"), would state the following:

### A. Jurisdiction and Venue

1. Cox is a limited partnership, located at 23 Weatherford Square, Jackson, Madison County, Tennessee. It owns a building located at 71 Wisteria St., Jackson, Tennessee ("Cox Property").

2. Central is an insurance company organized in the state of Georgia and doing business throughout Tennessee. Central entered into a contract of insurance with Cox to provide commercial property insurance for the above listed building, Central policy number, CLP 8882795 ("the policy"). (Policy attached as **Exhibit A**.)

3. This litigation involves a breach of insurance contract that was entered into and to be performed in Madison County, Tennessee. As such, Central is subject to personal and subject matter jurisdiction of the Chancery Court of Madison County.

6284-17-CHB, SEB; Page 1

4.   The damage to the Cox Property from storm and subsequent loss, occurred in Madison County, Tennessee, in late April or May of 2011.

5.   Jurisdiction and venue are proper in this court and all acts and/or omissions occurred in Madison County, Tennessee.

### B.  Facts

6.   Cox owns and is the insureds for the Cox Property listed above.

7.   At all times material hereto, Cox maintained a commercial insurance policy insuring the Cox Property with Central.

8.   Pursuant to the Policy, Cox was required to pay a premiums to Central in exchange for insurance coverage. Cox paid the required premium at all times relevant to this Complaint.

9.   In late April or May of 2011, the Cox Property suffered significant damage as a result of heavy winds, hail, rain, and storms.

10.  The damage was reported to Central pursuant to the Policy.

11.  Central began investigating the claim following the report of damage.

12.  When the parties were unable to come to an agreement on the value of the damage to the Cox Property, Cox requested an appraisal to resolve the amount of the loss. Cox appointed Lewis O'Leary as its appraiser for the appraisal panel. Central appointed John Chianese as its appraiser.

13.  When the appraisers were unable to agree on the value of the damage, the Policy required the appraisers to agree upon an umpire and if they could not agree on an umpire either party could request the appointment of an umpire by a judge. The appraisers were unable to agree upon an umpire.

14.  On March 18, 2013, a Request for Appointment of an Umpire was submitted to the Chancellor of this Court. (Request for Appointment of Umpire attached as **Exhibit B.**)

15.  On March 19, 2013, the Chancellor of this Court appointed Greg Bird as the umpire

6284-17-CHB, SEB; Page 2

of the appraisal panel. (Appointment Order attached as **Exhibit C.**)

16. Cox has fulfilled its duties imposed upon it under the Policy.

17. Cox has mitigated its damages damages to the extent possible and acted reasonably at all times material hereto.

18. Almost two years have elapsed since the date of loss, and Central has failed to pay to Cox any sums due and owing under the Policy for losses covered by the Policy.

19. The Policy states, on page 33 under "Commercial Property Conditions," that a legal action must be brought against Central "within two years after the date on which the direct physical loss or damage occurred."

20. Cox believes and would show to the Court that Central has engaged in bad faith practices in failing to fully pay Cox's claim and failing to properly and timely adjust Cox's claim.

21. Central's failure to pay Cox the amounts owed to it for its covered losses is without justification and is in bad faith.

22. Central's refusal to pay the money and benefits due and owing to Cox under the Policy has caused Cox to seek legal counsel and to initiate this Complaint to recover the insurance proceeds to which it is entitled.

### C. Causes of Action

**I. Breach of Contract**

23. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 22 of this Complaint as if set forth verbatim herein.

24. The Policy issued by Central is a binding contract, and is supported by valid consideration.

25. Central is in total, material breach of the Policy, and Central is liable to Cox under the Policy for the loss. Specifically, Central's breach of contract includes, without limitation, its failure and refusal to pay all of Cox's losses that were covered under the terms of the Policy.

6284-17-CHB, SEB; Page 3

26. As a result of Central's breach of contract, Cox has sustained substantial compensable losses for the amounts claimed under the Policy, as well as money damages for economic losses, including, but not limited to, loss of credit, loss of insurability, loss of use of collateral, loss of income, loss of use of personal property, travel, damage occurring after the Loss, and other numerous and assorted incidental and consequential damages.

## II. Violation of the Consumer Protection Act

27. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 26 of this Complaint as if set forth verbatim herein.

28. Central engaged in unfair and deceptive acts or practices which violate the Tennessee Consumer Protection Act, as codified at T.C.A. § 47-18-101, et seq.

29. Specifically, pursuant to T.C.A. § 47-18-104 (27), said unfair and deceptive practices include, without limitation, the following:

   a. Intentional failure to process Cox's claim in a prompt fashion to the benefit of Central and the detriment of Cox;

   b. Central's method of investigation of the claim has resulted in a delay of adjusting Cox's claim, and it is for the sole purpose of denying the legitimacy of the claim, with no good faith reason for the delay; and

   c. Central's failure to properly adjust Cox's claim and to pay Cox fully for its insured losses.

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray:

   A. For compensatory damages against Central for breach of contract for all sums due under the coverages available under the contract;

   B. For treble damages and attorney's fees against the Defendants under the Tennessee Consumer Protection Act;

   C. For reasonable attorney's fees incurred as a result of this action;

6284-17-CHB, SEB; Page 4

D. For all costs incurred by Cox as a result of this action;

E. For pre-judgment and post-judgment interest; and

F. For such other further and general relief as this Court deems just and equitable.

Respectfully submitted,

SPRAGINS, BARNETT & COBB, PLC

BY: *[signature: Sara E. Barnett]*
Charles H. Barnett, III - 008721
Sara E. Barnett – 021379
Attorneys for Plaintiff
312 E. Lafayette, P.O. Box 2004
Jackson, TN 38302-2004
731-424-0461

**COST BOND**

We stand as sureties for costs in this cause.

SPRAGINS, BARNETT & COBB, PLC

By: *[signature: Sara E. Barnett]*

STATE OF TENNESSEE
COUNTY OF MADISON
I, Pam Carter, Clerk & Master of the Chancery Court at Jackson, Tennessee, certify that the foregoing and attached is a true copy of the _____
of record in this case.
This _____ day of _____, 20__
PAM CARTER
CLERK & MASTER
BY: _____
D.C. & M.

6284-17-CHB, SEB; Page 5

**DEFENDANT'S COPY**

## IN THE CHANCERY COURT OF MADISON COUNTY, TENNESSEE

| | |
|---|---|
| COX'S PARADISE, LLC, | ) |
| Plaintiff, | ) |
| VS. | ) DOCKET NO. 70442 |
| ALL AMERICA INSURANCE COMPANY, d/b/a CENTRAL INSURANCE COMPANIES, | ) |
| Defendant. | ) |

FILED
TIME: 8:12 A.M. _____ P.M.
APR 16 2013
PAM CARTER
CLERK & MASTER
BY: B.R. Floyd
DEPUTY CLERK

### COMPLAINT

COMES NOW the Plaintiff, Cox's Paradise, LLC ("Cox's Paradise"), and for its Complaint against the Defendant, All America Insurance Company d/b/a Central Insurance Companies ("Central"), would state the following:

#### A. Jurisdiction and Venue

1. Cox's Paradise is a limited liability company, located at 23 Weatherford Square, Jackson, Madison County, Tennessee. It owns and serves as the insured for buildings located at the following locations in Madison County, Tennessee (collectively "Cox Properties"):

    a. 221 Highway 45 Bypass, Humboldt, TN

    b. 219 Highway 45, Bypass, Humboldt, TN

    c. 185 Highway 45 Bypass, Humboldt, TN

    d. 179 Highway 45 Bypass, Humboldt, TN

    e. 2228 North Parkway, Jackson, TN

    f. 58 Truck Center Drive, Jackson, TN

    g. 820 Lower Brownsville Road, Jackson, TN

    h. 132 Miller Avenue, Jackson, TN

6284-17-CHB, SEB; Page 1

2.  Central, is an insurance company organized in the state of Georgia and doing business throughout Tennessee. Central entered into a contract of insurance with Cox to provide commercial property insurance for the above listed buildings, Central policy number, CLP 8629647 ("the policy"). (Policy attached as **Exhibit A**.)

3.  This litigation involves a breach of insurance contract that was entered into and to be performed in Madison County, Tennessee. As such, Central is subject to personal and subject matter jurisdiction of the Chancery Court of Madison County.

4.  The damage to the Cox Property from storm and subsequent loss, occurred in Madison County, Tennessee, in late April or May of 2011.

5.  Jurisdiction and venue are proper in this court and all acts and/or omissions occurred in Madison County, Tennessee.

### B. Facts

6.  Cox's Paradise owns and is the insured for the Cox Property listed above.

7.  At all times material hereto, Cox's Paradise maintained a commercial insurance policy insuring the Cox Property with Central.

8.  Pursuant to the policy, Cox's Paradise was required to pay a premiums to Central in exchange for insurance coverage. Cox's Paradise paid the required premium at all times relevant to this Complaint.

9.  In late April or May of 2011, the Cox Properties suffered significant damage as a result of heavy winds, hail, rain, and storms.

10. The damage was reported to Central pursuant to the policy.

11. Central began investigating the claim following the report of damage.

12. When the parties were unable to come to an agreement on the value of the damage to the Cox Properties, Cox's Paradise requested an appraisal to resolve the amount of the loss. Cox's Paradise appointed Lewis O'Leary as its appraiser for the appraisal panel. Central appointed John

6284-17-CHB, SEB; Page 2

Chianese as its appraiser.

13. When the appraisers were unable to agree on the value of the damage, the policy required the appraisers to agree upon an umpire and if they could not agree on an umpire either party could request the appointment of an umpire by a judge. The appraisers were unable to agree upon an umpire.

14. On March 18, 2013, a Request for Appointment of an Umpire was submitted to the Chancellor of this Court. (Request for Appointment of Umpire attached as **Exhibit B.**)

15. On March 19, 2013, the Chancellor of this Court appointed Greg Bird as the umpire of the appraisal panel. (Appointment Order attached as **Exhibit C.**)

16. Cox's Paradise has fulfilled its duties imposed upon it under the policy.

17. Cox's Paradise has mitigated its damages damages to the extent possible and acted reasonably at all times material hereto.

18. Almost two years have elapsed since the date of loss, and Central has failed to pay Cox's Paradise any sums due and owing under the policy for losses covered by the policy.

19. The policy states, on page 33 under "Commercial Property Conditions," that a legal action must be brought against Central "within two years after the date on which the direct physical loss or damage occurred."

20. Cox's Paradise believes and would show to the Court that Central has engaged in bad faith practices in failing to fully pay Cox's Paradise's claim and failing to properly and timely adjust Cox's Paradise's claim.

21. Central's failure to pay Cox's Paradise the amounts owed to it for its covered losses is without justification and is in bad faith.

22. Central's refusal to pay the money and benefits due and owing to Cox's Paradise under the policy has caused Cox's Paradise to seek legal counsel and to initiate this Complaint to recover the insurance proceeds to which it is entitled.

6284-17-CHB, SEB; Page 3

## C. Causes of Action

### I. Breach of Contract

23. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 22 of this Complaint as if set forth verbatim herein.

24. The policy issued by Central is a binding contract, and is supported by valid consideration.

25. Central is in total, material breach of the policy, and Central is liable to Cox's Paradise under the policy for the loss. Specifically, Central's breach of contract includes, without limitation, its failure and refusal to pay all of the Cox's Paradise's losses that were covered under the terms of the policy.

26. As a result of Central's breach of contract, Cox's Paradise has sustained substantial compensable losses for the amounts claimed under the policy, as well as money damages for economic losses, including, but not limited to, loss of credit, loss of insurability, loss of use of collateral, loss of income, loss of use of personal property, travel, damage occurring after the Loss, and other numerous and assorted incidental and consequential damages.

### II. Violation of the Consumer Protection Act

27. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 26 of this Complaint as if set forth verbatim herein.

28. Central engaged in unfair and deceptive acts or practices which violate the Tennessee Consumer Protection Act, as codified at T.C.A. § 47-18-101, et seq.

29. Specifically, pursuant to T.C.A. § 47-18-104 (27), said unfair and deceptive practices include, without limitation, the following:

   a. Intentional failure to process Cox's Paradise's claim in a prompt fashion to the benefit of Central and the detriment of Cox's Paradise;

   b. Central's method of investigation of the claim has resulted in a delay of

6284-17-CHB, SEB; Page 4

adjusting Cox's Paradise's claim, and it is for the sole purpose of denying the legitimacy of the claim, with no good faith reason for the delay; and

c. Central's failure to properly adjust Cox's Paradise's claim and to pay Cox's Paradise fully for its insured losses.

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray:

A. For compensatory damages against Central for breach of contract for all sums due under the coverages available under the contract;

B. For treble damages and attorney's fees against the Defendants under the Tennessee Consumer Protection Act;

C. For reasonable attorney's fees incurred as a result of this action;

D. For all costs incurred by Cox's Paradise as a result of this action;

E. For pre-judgment and post-judgment interest; and

F. For such other further and general relief as this Court deems just and equitable.

Respectfully submitted,

SPRAGINS, BARNETT & COBB, PLC

BY: *Sara E. Barnett*

Charles H. Barnett, III – 008721
Sara E. Barnett – 021379
Attorneys for Plaintiff
312 E. Lafayette, P.O. Box 2004
Jackson, TN 38302-2004
731-424-0461

STATE OF TENNESSEE
COUNTY OF MADISON
I, Pam Carter, Clerk & Master of the Chancery Court at Jackson, Tennessee, certify that the foregoing and attached is a true copy of the Complaint, Exhibits A-C of record in this case.
This 16th day of April, 2013
PAM CARTER
CLERK & MASTER
BY: _____ D.C. & M.

**COST BOND**

We stand as sureties for costs in this cause.

SPRAGINS, BARNETT & COBB, PLC

By: *Sara E. Barnett*

6284-17-CHB, SEB; Page 5