

**FILE COPY**

## IN THE CHANCERY COURT OF MADISON COUNTY, TENNESSEE

COX'S PARADISE, LLC,                    )
                                        )
vs.                                     )    DOCKET NO. 70442
                                        )
CENTRAL MUTUAL INSURANCE                )
COMPANY, d/b/a CENTRAL                  )
INSURANCE COMPANIES.                    )

FILED

TIME:_____A.M. _12:02_ P.M.

JUN 0 2 2014

PAM CARTER
CLERK & MASTER

BY:_____
DEPUTY CLERK

## IN THE CHANCERY COURT OF MADISON COUNTY, TENNESSEE

FLINT AND KAY COX,                      )
                                        )
vs.                                     )    DOCKET NO. 70443
                                        )
CENTRAL MUTUAL INSURANCE                )
COMPANY, d/b/a CENTRAL                  )
INSURANCE COMPANIES.                    )

## IN THE CHANCERY COURT OF MADISON COUNTY, TENNESSEE

CCM ASSOCIATES, LLC,                    )
                                        )
vs.                                     )    DOCKET NO. 70444
                                        )
CENTRAL MUTUAL INSURANCE                )
COMPANY, d/b/a CENTRAL                  )
INSURANCE COMPANIES.                    )

## IN THE CHANCERY COURT OF MADISON COUNTY, TENNESSEE

COX-MCCARVER, LP,                       )
                                        )
vs.                                     )    DOCKET NO. 70445
                                        )
CENTRAL MUTUAL INSURANCE                )
COMPANY, d/b/a CENTRAL                  )
INSURANCE COMPANIES.                    )

EXHIBIT #3

## AMENDED ANSWER TO COMPLAINT

Comes now, the defendant in the above styled action, Central Mutual Insurance Companies (Central) and files its Amended Answer to the Complaint filed against it:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

As to the particularly numbered paragraphs of the Complaint, Central states:

1. The allegations of paragraph 1 are admitted.

2. The allegations of paragraph 2 are admitted.

3. The allegations of paragraph 3 are denied. However, jurisdiction of the Court is admitted.

4. It is denied that damage occurred giving rise to any payments under the policy of insurance as alleged in paragraph 4.

5. It is denied that any acts or omissions occurred giving rise to this claim. It is admitted the subject property is located in Madison County.

6. It is admitted that Cox owns the subject properties.

7. It is admitted that a commercial policy of insurance is in place. It is, however, denied that any damages occurred rising to the level that would require payment under the policies of insurance. All damages were pre-existing and were due to poor maintenance and are, therefore, not covered by the policy of insurance.

8. It is admitted that a policy of insurance was in place in the Cox paid insurance premiums.

9. The allegation of paragraph 9 are denied.

2

10.  It is admitted that Cox claimed there was damage to the buildings that are the subject of the Complaints. It is, however, specifically denied that any damage occurred that was in excess of the deductibles on the policies of insurance. Most of the damages claimed by Cox were due to poor maintenance and were pre-existing. Consequently, there are no damages due and payable under the policy of insurance applicable to the subject property

11.  It is admitted Central received the claims and, moreover, admitted that Central appropriately adjusted the claims visiting the site, having forensic engineers examine the property, and reaching conclusion based upon engineering and investigative reports that the damages, if any, suffered on the buildings were less than the deductibles under the policies of insurance.

12. The allegations as stated in the Complaint or denied. Central asserts that Cox hired a public adjuster by the name of Jeff Vise. Moreover, Vise requested an appraisal. Central agreed to perform the appraisal. However, Cox, himself delayed the appraisal process to think about the situation he was in. Ultimately Lewis O'Leary was appointed as an appraiser and John Chianese was appointed as an appraiser.

13.  The allegations in paragraph 11 are denied. There was never a point where either appraiser was unable to agree to an umpire. Moreover, appraisals were never submitted as to any disagreement as to value or causation. O'Leary acted unilaterally in declaring an impasse without completing the appraisal process, actions which he has taken in previous claims to insure that the appraiser appointed in favorable to the insured and to bias the appraisal process. The unilateral actions of O'Leary resulted in an umpire being appointed by this Court. However, the pleadings purporting to appoint the umpire were never filed with the Court Clerk. And objection, was, however, attempted to be filed where was discovered that the pleadings were never appropriately

3

filed. Consequently, since no Petition was filed with the Clerk and Master no objection could be heard by this Court. Central further alleges that O'Leary has been the subject of questionable conduct in other litigation.

14. It is admitted that the defendant received a copy of the request described in paragraph 14. It is, however, denied that the order that was signed by this Court and the appropriate pleadings were filed with the Clerk and Master. Central attempted to file an objection discovering that the Clerk and Master did not have the pleadings on record.

15. It is admitted that this Court appointed an umpire. However, it is denied that the appointment was appropriately filed with the Clerk and Master allowing for an objection to be filed in this Court to consider the inappropriate circumstances upon which the umpire was requested and the inappropriate actions of O'Leary and declaring an impasse. The appraisal process was never completed prior to the appointment of the umpire and, moreover, an impasse was never declared by either party in the appropriate manner.

16. The allegations of paragraph 16 are denied.

17. The allegations of paragraph 17 are denied.

18. The allegations of paragraph 18 are denied. Central alleges that it appropriately adjusted the claim, investigated the claim that there was damage related to storm loss, hired forensic experts to determine causation and the relationship of any damage to the storm loss, and appropriately determined that the damages, if any, were within the deductible of the policy of insurance.

19. The allegations of paragraph 19 are admitted.

20. All allegations of bad faith as described in paragraph 20 are denied. There is no factual or legal support for any claim of bad faith. Moreover, Central asserts that the allegations

of the Complaint are insufficient to support a claim for bad faith and the allegations of bad faith should be dismissed. Central, moreover, asserts that in appropriately adjusted the claim. Central hired forensic engineering experts to examine each and every building made the subject of the various Complaints. After extensive examinations of the buildings, the forensic experts determined that there were no damages related to the storm loss that would exceed the deductible of the policies of insurance in place. Additionally, supplemental inspections of the building were conducted by the forensic engineering experts who reached the same conclusion as the initial examinations. The damages of the building, if any, related to a storm loss or within the deductible of the policies of insurance. The damages claimed by Cox are unrelated, and most part, to any storm damages and are not covered damages under the policy of insurance. Therefore, there are no damages caused by the alleged storm lost that are due and payable under any policy of insurance. The reports for the forensic engineering experts as previously attached Exhibit 1 .

21.  The allegations in paragraph 21 are denied. The Complaint lacks sufficient factual support to assert a claim for bad-faith refusal to pay. Additionally, Central would assert that upon learning of the loss it began adjusting the claim. During the adjustment of the claim, Central had various communications with Cox, who often delayed making decisions or delayed efforts in cooperating with Central regarding the adjustment of the claim. Cox undertook to delay the adjustment of the claim and was difficult to communicate with often times not responding for long periods of time. The course of communications is evidenced, in part, as previously attached Exhibit 2 which are email exchanges between Central and Cox.

As evidenced by previously attached Exhibit 1, Central employed the services of forensic engineering experts to examine the damages on each building made the subject of Complaints

filed by Cox. After extensive examinations during the adjustment of the claim, and a supplemental examination after the adjustment of the claim and after this suit was filed, the experts reach the inescapable conclusion that the damages claimed by Cox were unrelated to storm loss and that any damages related to storm losses would be within the deductible of the policies of insurance. Central took extensive photographic evidence of loss, the forensic experts took extensive photographic evidence of the loss, and used scientific and expert data to reach their conclusions. Consequently, the claim was appropriately adjusted as is evidenced by previously attached Exhibits and the partial photographic evidence as previously attached Exhibit 3.

22.  It is admitted that Cox has retained legal counsel. It is, however, denied that any action of Central in adjusting the claim required Cox to retain counsel. The physical examination of each building shows extensive and pre-existing damages that are unrelated to any storm loss. In fact, the damages claimed as a result of this lawsuit are unrelated to storm damages and are due to poor maintenance, age, and the failure to appropriately maintain the properties made the subject of the complaint. Cox is, therefore, the cause of his own damages.

Central, moreover, would show this court that Cox canceled his policies of insurance shortly after reporting the losses made the subject of the Complaint. Central, upon information and belief, believes that Cox has undertaken similar conduct in the past reporting claims, then canceling the policy of insurance, and then obtaining other insurance coverage to avoid increased premiums due to claim reporting.

23. All responses and defenses raised in paragraphs 1 through 22 above are reincorporated and re-alleged as though specifically set forth herein.

24.  It is admitted that a contract for insurance was in place.

6

25. The allegations in paragraph 25 are denied. Cox fails to provide appropriate factual or expert support supporting the allegation that Central is in breach of its contract. Central adjusted the claim, examined the losses at each building owned by Cox and insured under the policy of insurance, and conducted an expert examination of the loss regarding damages claimed and the causal relationship between the damages and any storm that occurred in the area. As shown by previously attached Exhibits 1 through 5 Central appropriately adjusted the claim and determined that there was no loss in excess of any deductible under any policy of insurance. The Complaint, therefore, should be dismissed as Cox has not shown the extensive damages he is claiming.

26. The allegations contained in paragraph 26 are denied.

27. All responses and defenses raised in paragraphs 1 through 26 above are reincorporated and re-alleged as though specifically set forth herein.

28. The allegations of paragraph 28 are denied.

29. Central asserts that any delays in adjusting the claim were caused by Cox as shown by the previously attached Exhibits. If any delays occurred they are the sole responsibility of Cox who refused to appropriately respond to requests and information provided to Cox.

As demonstrated by the previously attached Exhibits, forensic experts looked into the cause of the damage regarding the Cox properties. The damages claimed are related primarily to poor maintenance and to age of some of the roofs made the subject of the Complaint and damages to the building made the subject of the Complaints. The condition of the roofs are not related to storm damages and any damages that are related are within the deductibles of the policy of insurance. Such damages are not covered under the policy of insurance and are the sole responsibility of Cox.

7

Therefore, any damages occurring to Cox are due to his poor maintenance of the building and his failure to appropriately act of maintaining all of the subject buildings. Cox, himself, or through his agent Louis O'Leary has engaged in a pattern of intentional, negligent and reckless misrepresentations as to the damages claimed in this case. Therefore, through their negligent and intentional deceptive conduct Cox is prohibited from recovering under the policies of insurance. Cox is, moreover, in breach of the contract of insurance, has engaged in conduct and litigation to inappropriately recover under the policy of insurance and his conduct has, therefore, made him liable for a breach of the insurance contract.

## SECOND DEFENSE

The damage suffered and claimed by Cox in each of the subject properties is due to either poor maintenance or age or a combination of both. The damages are unrelated to any storm claim storm loss as shown by the forensic reports that were gathered by Central during the appraisal process. By way of example, a building occupied by Pratt Industries, has exhaust systems that blows large amounts of cardboard onto the roof structures of the building. The cardboard gathers on the roof and in the gutters causing damages to the roof and gutters particularly when the cardboard becomes wet. The area is poorly maintained and causes damage to the roof structure and gutter structures, previously attached Exhibit 6. It is, therefore, asserted that Cox and his expert O'Leary are engaging in practices to recover damages that either O'Leary, Cox or both know are not covered under the policy of insurance so as to cure defects and damages in the subject properties that are not covered by the policy of insurance.

Consequently, there are no damages in excess of the policies individual deductibles that require Central to pay for any damages relating to any storm loss. All damages are pre-existing

8

and are either due to pre-existing events or due to the negligence in maintaining said buildings by the plaintiff in this case.

## **THIRD DEFENSE**

Central alleges that Cox through Lewis O'Leary manipulated the selection of the umpire. O'Leary, as Cox's representative, manipulated the umpire process to ensure that an impasse was declared. O'Leary intentionally declared an impasse before it was proper to declare an impasse in order to ensure that he could pick umpires that would be favorable to his client, Cox. Thereafter, O'Leary suggested umpires to Cox's attorney who presented those selections to this Court. The umpire selections selected by O'Leary were favorable to Cox and O'Leary intentionally tried to fix the umpire process. He has written about this in the past as is evidenced by previously attached Exhibit 7.

As further evidence of this umpire abuse, once the umpire was appointed by this Court the documents requesting the umpire were never filed with the Clerk and Master preventing Central from filing an appropriate objection regarding the umpire appointed by the Court. At all times Cox, through his agent Lewis O'Leary, acted in contravention the terms and conditions of the policy of insurance and the rules governing the umpire selection process. At the time O'Leary declared an impasse, the impasse did not exist and further discussions regarding the selection of an umpire would have proven fruitful. However, as is evidenced by previously attached Exhibit 7, O'Leary never had an intention of completing the umpire process to allow for an objective and fair umpire to be appointed. In fact, as is shown by previously attached Exhibit 8, O'Leary has in other cases acted inappropriately in trying to "fix" the umpire process were trying to unduly influence the process as previously attached Exhibit 8 shows. Therefore, Cox is in breach of the contract of insurance and is the cause of his own damages do with failure to not only maintain

his buildings, but due to his course of conduct in attempting to have his agent, Lewis O'Leary, manipulate the umpire selection process. O'Leary's actions show that he has attempted, as an agent of Cox, to manipulate the claim so as to attempt to recover damages for preexisting conditions that he knows are not related to any storm damages or caused by any event that is covered under the Central's policy of insurance.

## FOURTH DEFENSE

Cox, throughout the adjustment of the claim, consistently caused delays in the adjustment of the claim. Therefore, any delays in the adjustment the claim or contributed to or caused by Cox and his inability to make decisions regarding the claim and how to proceed. Moreover, as can be seen from the previously attached Exhibits Cox even delayed the appraisal process. Moreover, Cox and his agents acted in contravention to the terms and conditions of the policy. Finally, Cox knew that the roofs on the subject buildings involved with this claim were in poor maintenance, aging, and had extensive damage that was unrelated to any claim for storm damages and is, consequently, damage that is not payable under the terms and conditions of the policy of insurance previously attached Exhibit 9 hereto. Therefore, Cox has engaged in a course of conduct to misrepresent the damages to his buildings and to manipulate the process so as to recover damages that are not due and payable under the policy of insurance.

## FIFTH DEFENSE

None of the buildings made the subject of the Complaint, or the properties involved, suffered damages that exceed an amount in excess of the deductible under each policy of insurance, if there are any damages from any insurable event. Consequently, Central is not obligated to pay under its policy of insurance with Cox.

### SIXTH DEFENSE

Cox, shortly after reporting the losses made the subject of his Complaints against Central canceled his policy of insurance. Said cancellation was reported prior to the claims being adjusted.

### SEVENTH DEFENSE

Central alleges that the insured, through Mr. Vise, made an attempt to invoke the appraisal clause in the contract of insurance which reads:

"Appraisal... If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction."

However, the insured, Cox, disavowed Vise's actions because Cox did not wish to proceed with appraisal and wished to discuss the matter further before invoking the appraisal provisions of the insurance contract. Consequently, the appraisal process was not invoked by Cox, the insured under the various contracts of insurance governing the properties made the subject of this lawsuit.

Central alleges that there was no agreement to proceed with appraisal because the insured, Cox, wished to discuss the matter further before proceeding to the appointment of an appraiser and with the signing of the necessary forms to invoke the appraisal contract/process under the policy of insurance. Central alleges that the following emails demonstrate that the parties did not reach an agreement on appraisal or on the appointment of an umpire. The email state as follows:

**Email from David Brown on Monday, March 19, 2012** "Mr. Cox, I know we have played phone tag a few times since we spoke recently. It is our understanding you wish to discuss the claims presented for properties owned by Flint and Kay Cox, Cox Paradise, and Cox-

McCarver. As you know, your representative, Jeff Vise, invoked the appraisal clause on these properties. We have been ready to name our appraiser, but knew you had an interest in discussing before proceeding. With this in mind, we are suspending the appointment of our appraiser until we have been able to discuss these claims. Please contact me at your earliest convenience."

**Email from David Brown on May 1, 2012** "Mr. Cox, we have had no response from you regarding further discussion of these claims. If we do not hear from you by May 10, 2012, we will proceed with the appraisal and the naming of our appraiser."

**Email exchange between Flint Cox and David Brown on May 24, 2012:** "it is been over two weeks since we talked. My understanding was you wish to review your files on the various properties and then have further discussion. Where you stand on your review? We want to resolve any issues in an expeditious manner. The best scenario is to reach an agreement on all of the properties in which you have questions. At a minimum, we can hopefully narrow the field and identify the locations were questions still remain... David Brown" **Flint Cox responds** "David I felt that every property I mentioned to you felt that you had no liability on I disagree on that. I understand your job and I hope you understand my role. Every claim has been categorically denied. I don't see any compromise being reached unless you have some other thoughts." **Response from David Brown** "it sounds like you are rejecting our evaluation on every property. Does this mean you wish to proceed with the appraisal request filed by Mr. Vise on your behalf on the various claims?"

**May 30, 2012 email from David Brown to Flint Cox:** "I am responding to our string of email regarding the damages and appraisal. Based on your response, we are interpreting that you do not really want to proceed at this time. With that thought in mind, we propose the following in

an attempt to resolve. We believe it is worth the effort to set a date to meet, reinspect and see if we can reach a resolution. However, prior to any meeting we want a detailed list of each property in which you feel there is damage and the issues you believe are storm related. We are not asking for an estimate of repair prepared by third-party. We want your assessment. We understand you will be relying on people that are familiar with construction and damages. We will require both your and their presence at any inspection. This list will serve as our worksheet for the reinspection. If we do not receive this list by July 1, 2012, we will assume you are not interested in our proposal. At that point, we will make our appraiser appointment and proceed with appraisal."

**July 5 email from David Brown to Flint Cox:** "since we received no response to our proposal on July 1, 2012, we are going to proceed with the appraisal process. We will be sending you the information concerning our appraiser in the near future."

**July 6, 2012 email from David Brown to John Chianese :** "we had no response from the insured to their last proposal for resolution before appraisal. We are now proceeding with the appraisal process. Attached are the appraisal forms for you to sign his acceptance has been named appraiser. We will forward the supporting claim information after receipt of the signed form."

**August 12 2012-Email exchange:** Since it has been sometime since Mr. Vise presented the name of your appraiser, we wanted to verify.  Is Lewis O'Leary your appraiser? "Mr **Cox replies:** "I will call you tomorrow."

**September 14, 2012 Email from David Brown to Flint Cox-**"Since we have not heard from you, we are proceeding with the appraisal.  We will be sending you name of our appraiser and the appraisal forms in the near future.'

13

Consequently, Central alleges that the insured, Cox, had not acquiesced to the appraisal process or the appointment of an umpire has prescribed for in the "Agreement for Submission to Appraisers (Commercial)" and in the policy of insurance. After failing to reach an agreement regarding the appraisal process, Central attempted to invoke the appraisal provisions of the contract of insurance by sending the Agreement for Submission to Appraisers (Commercial) to Mr. Cox, the insured under the contract of insurance:

**Flint and Kay Cox-Central Insurance Companies Agreement for Submission to Appraisers (Commercial) sent on October 4, 2012**

**Paradise LCC-All America Insurance Companies.  Agreement sent on the same date.**

**McCarver LP Central Insurance Companies.  Agreement sent on the same date.**

**CCM Associates LLC Central Insurance Companies. Agreement sent on the same date.**

**None were signed and returned to Central at any time and still have not been signed.**

None of the Agreements for Submission to Appraisers (Commercial) sent to the insured, Cox were or have ever been executed by Cox. In fact, Cox never agreed to the appraisal process. As evidenced by attached Exhibit 10, Cox did not sign the form agreeing to the terms and conditions of the Agreement for Submission to Appraisers (Commercial) as required by the policy of insurance and as a precondition to the parties proceeding with the appraisal process. Central alleges that Lewis O'Leary, the alleged appraiser for Cox, proceeded to have email discussions with John Chinese regarding the appointment of an umpire. However, neither O'Leary, as described herein, did not the authority to invoke the appraisal provisions of the

contract of insurance or to sign the Submission to Appraisers (Commercial) contract that was sent to the insured Cox. As an experience appraiser O'Leary should have known, or did in fact know, that his authority is limited by the Submission to Appraisers and that Cox should have signed the contract giving him authority to sign the contract and act in accordance with its terms and conditions. At no time did Cox sign the form or authorize the appraisal process and the appointment of an umpire to move forward. Therefore, at no time was O'Leary acting with appropriate authority because that authority was never granted by Cox signing the Submission to Appraisers contract as invoked by Central after Cox failed to originally agree to allow the appraisal process to move forward.

Central asserts, that prior to the appointment of an umpire Cox would have to sign the Submissions to Appraisers (Commercial) contract before proceeding with the appraisal process. Additionally, Cox's appraiser, Lewis O'Leary, would have to sign off on the Submission to Appraisers (Commercial) before the appraisal process was completed and before verification of the umpire. Cox never responded to the string of emails outlined in this allegation affirming that he was going to submit to the appraisal process and never agreed to the terms and conditions of the submission. Cox, therefore, waived his right to appraisal as he did not comply with the terms and conditions of the policy nor formally accepted the terms and conditions of the appraisal process itself.

Moreover, Lewis O'Leary made attempts to have an umpire appointed without having been given the authority to do so as Cox never signed off on the submission to appraisers contract submitted to Cox by Central. After a course of conduct showing that Cox did not wish to invoke the appraisal process, Central executed the appropriate documents to invoke the appraisal provisions and the contract starting the appraisal process. O'Leary knew, or should

15

have known, that he is not permitted to act pending execution of the submission contract.

O'Leary's actions as an appraiser to seek the appointment of an umpire are voided as Cox had

not executed the appropriate appraisal submission contract to give O'Leary the authority to act as

an appraiser. Moreover, O'Leary never executed the contract agreeing to abide by the terms and

conditions governing the appraiser's conduct. Moreover, O'Leary presented an Affidavit to a

Court of Law either knowing, or he should have known, that the appraisal submission form was

not executed by Cox giving authority to take action in accordance with the invocation of the

appraisal process as defined by the form submitted to Cox for approval. Therefore, O'Leary's

actions and any subsequent actions appointing an umpire are void as the appraisal submission

contract is the document governing the conduct of the parties as proposed by Central and never

accepted by the insured. Therefore, by the filing of the suit and by O'Leary acting without

authority the appraisal process is waived by Cox.

Central asserts that, therefore, Cox wrongfully sought the appointment of an umpire from

this Court without revealing to the court that he had not signed the submissions to appraisers

(Commercial) contract and that he had not acquiesced to the appraisal process. Such

acquiescence pursuant to the terms and conditions of the submission are a condition precedent to

appraisal formally moving forward. Moreover, the submission form states in pertinent part:

"Appraisal if we and you disagree on the value of the property or the amount of the loss,
either may make written demand for an appraisal of the loss. In this event, each party will select
a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot
agree, either may request that the selection be made by a judge of a court having jurisdiction.
The appraisers will state separately the value of the property in the amount of the loss. If they fail
to agree, they will submit their differences to the umpire. A decision agreed by any to will be
binding. Each party will pay its chosen appraiser, and bear the other expenses of the appraisal
and umpire equal. If there is an appraisal, we still retain the right to deny the claim."

The submission form has a signature block for the insured and the insured never signed the submission form indicating his acquiescence to the terms and conditions of the form and his appointment of the appraiser.

An appraiser may not, under the contract of insurance or under the agreement, act as an agent for binding the insured to the terms and conditions of the form or the policy of insurance. This is particularly true since Cox disavowed the Vise invocation of the appraisal process and when the process was invoked by Central Cox never signed the contract invoking the appraisal process nor did he propose any amendment to that contract. Consequently, by not signing any of the forms attached hereto as Exhibit 10 Cox waived his right to an appraisal and, furthermore, waived the right to appraisal by filing a lawsuit in this cause of action. As such, the appraisal provisions have been voided by Cox's conduct and his failure to comply with the terms and conditions of the contract and the form attached as Exhibit 10. Cox is, consequently, prohibited from invoking the appraisal provisions of the policy of insurance or the submission form attached as Exhibit 10.

By failing to sign the submission form Cox is in breach of the contract of insurance and is, consequently, prohibited from relying on the appraisal provisions of the contract of insurance because of his failure to sign off on the submission form and to formally accept the appraisal process as ultimately invoked by Central Insurance or the nonparty All America Insurance after a period of time were Cox was indecisive after being asked whether he wished to proceed with appraisal or not. After that period of time, Cox had a duty to inform Central and or All America that he was acquiescing to the process by signing off on the submission form. Only the insured, not an appraiser, can agree to the appraisal process as reflected in Exhibit 10.

17

As Cox, as the named insured under the policy of insurance, did not invoke the appraisal provisions of the policy of insurance or affirm his public adjuster's actions, Cox is, therefore, deemed to have rejected the terms and conditions within submission and has not, nor has he ever presented, a signed contract or signed a contract for submission of the claim to arbitration as is envisioned by the policy of insurance and by the submission form attached as Exhibit 10.

Consequently, Cox is not entitled to the benefits of the appraisal process as he has affirmatively waived his right to invoke the process by failing to sign off on Exhibit 10. Moreover, by the failure to sign the appropriate contract giving his appraiser the authority to sign the contract and to move forward with the appraisal process, O'Leary acted without authority and his actions are, consequently, voided. O'Leary had a duty to disclose any knowledge of the contents of the submission and a duty to disclose that neither he nor did the insured sign the contract after it was submitted to invoke the appraisal process.

Cox is, therefore, barred from invoking the appraisal process or asserting, as his lawyers have done in Court that the provisions of the Appraisal Submission Contract are binding on any party as no agreement was signed by Cox or his appraiser as called for in Exhibit 10. Moreover, the Court's appointment of an umpire is, therefore, voided based upon Cox's failure to sign Exhibit 10 after repudiating Vise's invocation of the appraisal provisions of the contract of insurance.

As it relates to the Cox's Paradise, LLC claim Central asserts that Cox Paradise, LLC sued Central Mutual Insurance Company, D/B/A Central insurance Companies. Central asserts that the policy of insurance issued to Cox's Paradise, LLC is a policy of insurance issued by all America Insurance Company. Consequently, Cox's Paradise, LLC sued the wrong entity and, as such, Central Mutual Insurance Company should be dismissed from the cause of action.

Additionally, it is asserted that the statute of limitations under the All America Insurance Company policy of insurance has passed and that the plaintiff/insured, Cox, is barred from recovering under the policy of insurance.

Wherefore, any allegation not specifically denied or responded to in this Amended Answer to the Complaint is now denied as though specifically denied herein. Central, therefore, demands that this case be dismissed with costs been awarded to Central for the costs of litigation or, alternatively, demands that a jury tries the issues herein.

Respectfully Submitted,

JAMES, GOINS & CARPENTER

STUART JAMES, BPR #013841
Attorneys for Defendant
735 Broad Street, Suite 908
Chattanooga, TN 37402
Phone: (423)756 3646

19

## CERTIFICATE OF SERVICE

I, the undersigned attorney, on the ___ day of May, 2014, do hereby certify that the foregoing document, **CENTRAL MUTUAL INSURANCE COMPANY'S AMENDED ANSWER TO COMPLAINT**, has been served upon all counsel of record for the parties at interest of this case by placing a true and exact copy of the same in the United States Mail, postage paid, in a properly addressed envelope, via email transmittal, and/or by facsimile of the same to such attorney as follows:

Charles H. Barnett, III
Sara E. Barnett
Spragins, Barnett & Cobb, PLC
312 E. Lafayette St.
P.O. Box 2004
Jackson, TN  38302-2004

William Lindquist, Esq.
Clark, Love & Hutson
440 Louisiana St.
Suite 1600
Houston, TX  77002

JAMES, GOINS & CARPENTER

20



**CENTRAL
INSURANCE
COMPANIES**

*Fulfilling the Promise Since 1876*

October 4, 2012

FLINT & KAY COX
& COX PARADISE LLC
23 WEATHERFORD SQ
JACKSON, TN 38305

**FILED**

TIME:_____ A.M. *12:07* P.M.

**JUN 0 2 2014**

PAM CARTER
CLERK & MASTER

BY:_____
DEPUTY CLERK

RE:    INSURED: FLINT & KAY COX
       POLICY#: 8877538
       DATE OF LOSS: 05 / 20 / 11
       RE: 235 HWY 45 BYP, HUMBOLDT, TN

Dear Mr. Cox:

Enclosed is the appraisal form signed by our appraiser, John Chianese.

Please have your appraiser sign the enclosed form to acknowledge their
appointment and return.  Please remember, the policy plainly states an
appraiser is to be competent and impartial.  Once we have confirmation
of your appraiser, the two appraisers can begin working toward agreeing
on an umpire.  If the appraisers cannot agree on an umpire, one will
have to be appointed by the court.

Please contact me if you have any questions.

Sincerely,

David Brown, C.P.C.U., A.I.C.
Sr Property Claim Specialist
Central Mutual Insurance Company
PHONE:     (800)549-0213
FAX:       (800)877-2293
E-MAIL:    dbrown@central-insurance.com



EXHIBIT
M

CC:   John Chianese

**EXHIBIT #10**

P.O. Box 353 • Van Wert, OH  45891-9938 • 419/238-1010 • www.central-insurance.com

6-1352 04/03

## AGREEMENT FOR SUBMISSION TO APPRAISERS (COMMERCIAL)

It is hereby agreed, by and between _Flint Cox, Kay Cox and Cox Paradise LLC_
_(Insured)_
and _Central Mutual Insurance Company_ that a disagreement exists as to the actual cash value, the
_(Insurance Company)_
amount of loss, or the cost or repair or replacement as a result of a _wind_
to the insured item(s) item(s): _Building. Questions regarding both_ loss on _5/20/2011_
_(Peril)_                                                          _(Month, Day, Year)_
_related wind damage and cost of related repairs. Plus pre-existing_
located at _235 Hwy 45 Bypass    Humboldt, TN_
_(Address of Insured Dwelling)_
_8877538_, effective _10/22/2010_ to _10/22/2011_ and insured by Policy Number
_(Month, Day, Year)_        _(Month, Day, Year)_
_(Insured)_                                              _(Insurance Company)_

Appraisal if we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will pay its chosen appraiser; and bear the other expenses of the appraisal and umpire equally. If there is an appraisal, we will still retain our right to deny the claim.

## APPRAISER APPOINTMENTS

The insured hereby selects _____
_(Name)_              _(Phone)_

as his/her competent and disinterested appraiser. _(Address)_

The Insurance Company hereby selects _John Chianese_    _828-779-2270_
_(Name)_                        _(Phone)_
_47 Cherokee Trail    Fletcher, NC   28732_
as its competent and disinterested appraiser. _(Address)_

## DUTIES OF APPRAISERS

1. Appraisers shall first select a competent and disinterested umpire. If they fail to agree either may request that selection be made by a judge of a court having jurisdiction.
2. Appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; if requested by Insured or Company, the appraisers shall also appraise (a) full replacement cost of the described property; (b) full cost of repair or replacement of loss (without deduction for depreciation); or (c) loss of business income.
3. If the appraisers fail to agree, they shall submit their differences only to the umpire.

## DECLARATION OF APPRAISERS

STATE OF _____

COUNTY OF _____

We, the undersigned, do solemnly swear that we will act with strict impartiality in making an appraisement and estimate of the values and loss upon the property hereinbefore mentioned, in accordance with the foregoing appointment, and that we will make a true, just and conscientious award of the same, according to the best of our knowledge, skill and judgment. We are not related to the insured, either as creditors or otherwise, and are not interested in said property or the insurance thereon.

_____
_(Appraiser)_

_____
_(Appraiser)_

Subscribed and sworn to before me this _____ day of _____, _____,
_(Year)_

_____
_(Notary Public)_

5-1871 05/01



**CENTRAL INSURANCE COMPANIES**

*Fulfilling the Promise Since 1876*

October 4, 2012

MR. FLINT COX
COXS PARADISE LLC
23 WEATHERFORD SQ
JACKSON, TN 38305

RE:     INSURED: COXS PARADISE LLC
        POLICY#: 8629647
        DATE OF LOSS: 05 / 20 / 11

Dear Mr. Cox:

Enclosed are the appraisal forms signed by our appraiser, John
Chianese. The property addresses for this claim are:

219 Hwy 45 W, Humboldt
221 Hwy 45 W, Humboldt
185 Hwy 45 W, Humboldt
179 Hwy 45 W, Humboldt
2228 North Pkwy, Jackson
 58 Truck Center Dr., Jackson
58 Truck Center Dr., Jackson
58 Truck Center Dr., Jackson
58 Truck Center Dr., Jackson

Please have your appraiser sign the enclosed forms to acknowledge their
appointment and return. Please remember, the policy plainly states an
appraiser is to be competent and impartial. Once we have confirmation
of your appraiser, the two appraisers can begin working toward agreeing
on an umpire. If the appraisers cannot agree on an umpire, one will
have to be appointed by the court.

Please contact me if you have any questions.

Sincerely,

David Brown, C.P.C.U., A.I.C.
Sr Property Claim Specialist

All America Insurance Company
PHONE:       (800)549-0213
FAX:         (800)877-2293
E-MAIL:      dbrown@central-insurance.com

CC:   John Chianese

## AGREEMENT FOR SUBMISSION TO APPRAISERS (COMMERCIAL)

It is hereby agreed, by and between _Coxs Paradise LLC_

and _All America Insurance Company_ _(Insured)_

_(Insurance Company)_ that a disagreement exists as to the actual cash value, the

amount of loss, or the cost or repair or replacement as a result of a _wind_ loss on _May 20 2011_
_(Peril)_ _(Month, Day, Year)_

to the insured item(s) item(s): _building - Question to related wind, pre-exist-_
_ing and cost of repairs for direct damage._

located at _219 Hwy 45 W  Humboldt, TN (2 bldg)_ and insured by Policy Number
_(Address of Insured Dwelling)_

_8629647_ , effective _4/1/11_ to _4/1/12_ ,
_(Month, Day, Year)_ _(Month, Day, Year)_

@ _____ _____
_(Insured)_ _(Insurance Company)_

Appraisal if we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will pay its chosen appraiser; and bear the other expenses of the appraisal and umpire equally. If there is an appraisal, we will still retain our right to deny the claim.

### APPRAISER APPOINTMENTS

The insured hereby selects _____  _____
_(Name)_ _(Phone)_

_____
as his/her competent and disinterested appraiser. _(Address)_

The Insurance Company hereby selects _John Chianese_ _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_
_(Name)_ _(Phone)_

_47 Cherokee Trail  Fletcher, NC  28732_
as its competent and disinterested appraiser. _(Address)_

### DUTIES OF APPRAISERS

1. Appraisers shall first select a competent and disinterested umpire. If they fail to agree either may request that selection be made by a judge of a court having jurisdiction.
2. Appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; if requested by Insured or Company, the appraisers shall also appraise (a) full replacement cost of the described property; (b) full cost of repair or replacement of loss (without deduction for depreciation); or (c) loss of business income.
3. If the appraisers fail to agree, they shall submit their differences only to the umpire.

### DECLARATION OF APPRAISERS

STATE OF _____

COUNTY OF _____

We, the undersigned, do solemnly swear that we will act with strict impartiality in making an appraisement and estimate of the values and loss upon the property hereinbefore mentioned, in accordance with the foregoing appointment, and that we will make a true, just and conscientious award of the same, according to the best of our knowledge, skill and judgment. We are not related to the insured, either as creditors or otherwise, and are not interested in said property or the insurance thereon.

@ _____
_(Appraiser)_

_____
_(Appraiser)_

Subscribed and sworn to before me this _____ day of _____ , _____ .
_(Year)_

_____
_(Notary Public)_

5-1871 05/01

## AGREEMENT FOR SUBMISSION TO APPRAISERS (COMMERCIAL)

It is hereby agreed, by and between _Coxs  Paradise  LLC_
                                              (Insured)

and _All America Insurance Company_ that a disagreement exists as to the actual cash value, the
        (Insurance Company)

amount of loss, or the cost or repair or replacement as a result of a _wind_ loss on _May 20, 2011_
                                                                         (Peril)                    (Month, Day, Year)

to the insured item(s) item(s): _building - Question  to  related  wind,  pre-exist-_
_ing  and  cost  of  repairs  for  direct  damage._

located at _221  Hwy  45  W.  Humboldt,  TN_ and insured by Policy Number
                        (Address of Insured Dwelling)

_8629647_ , effective _4/1/11_ to _4/1/12_ ,
                          (Month, Day, Year)          (Month, Day, Year)

@ _____                                    _____
        (Insured)                                              (Insurance Company)

Appraisal if we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will pay its chosen appraiser; and bear the other expenses of the appraisal and umpire equally. If there is an appraisal, we will still retain our right to deny the claim.

### APPRAISER APPOINTMENTS

The insured hereby selects _____
                              (Name)              (Phone)

_____
as his/her competent and disinterested appraiser.     (Address)

The Insurance Company hereby selects _John Chianese_    _828- 779. 2270_
                                          (Name)              (Phone)

_47  Cherokee  Trail    Fletcher, NC   28732_
as its competent and disinterested appraiser.     (Address)

### DUTIES OF APPRAISERS

1.  Appraisers shall first select a competent and disinterested umpire. If they fail to agree either may request that selection be made by a judge of a court having jurisdiction.
2.  Appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; if requested by Insured or Company, the appraisers shall also appraise (a) full replacement cost of the described property; (b) full cost of repair or replacement of loss (without deduction for depreciation); or (c) loss of business income.
3.  If the appraisers fail to agree, they shall submit their differences only to the umpire.

### DECLARATION OF APPRAISERS

STATE OF _____

COUNTY OF _____

We, the undersigned, do solemnly swear that we will act with strict impartiality in making an appraisement and estimate of the values and loss upon the property hereinbefore mentioned, in accordance with the foregoing appointment, and that we will make a true, just and conscientious award of the same, according to the best of our knowledge, skill and judgment. We are not related to the insured, either as creditors or otherwise, and are not interested in said property or the insurance thereon.

_____
                    (Appraiser)

_____
                    (Appraiser)

Subscribed and sworn to before me this _____ day of _____ , _____ .
                                                                              (Year)

_____
                    (Notary Public)

S-1871 05/01

## AGREEMENT FOR SUBMISSION TO APPRAISERS (COMMERCIAL)

It is hereby agreed, by and between _Coxs Paradise LLC_
and _All America Insurance Company_ _(Insured)_
_(Insurance Company)_ that a disagreement exists as to the actual cash value, the
amount of loss, or the cost or repair or replacement as a result of a _wind_
to the insured item(s) item(s): _building - Question to related wind loss on _May 20 2011_ _(Peril)_ _(Month, Day, Year)_
_lag and cost of repairs for direct damage. pre-exist-_
located at _185 Hwy 45 W. Humboldt, TN_
_(Address of Insured Dwelling)_
_8629647_ , effective _4/1/11_ to _4/1/12_ and insured by Policy Number
@ _(Month, Day, Year)_ _(Month, Day, Year)_
_(Insured)_ _(Insurance Company)_

Appraisal if we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will pay its chosen appraiser; and bear the other expenses of the appraisal and umpire equally. If there is an appraisal, we will still retain our right to deny the claim.

## APPRAISER APPOINTMENTS

The insured hereby selects _____
_(Name)_ _(Phone)_

as his/her competent and disinterested appraiser. _____
_(Address)_

The Insurance Company hereby selects _John Chianese_ _828- 779. 2270_
_47 Cherokee Trail Fletcher, NC 28732_ _(Phone)_
as its competent and disinterested appraiser. _(Address)_

## DUTIES OF APPRAISERS

1.  Appraisers shall first select a competent and disinterested umpire. If they fail to agree either may request that selection be made by a judge of a court having jurisdiction.
2.  Appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; if requested by Insured or Company, the appraisers shall also appraise (a) full replacement cost of the described property; (b) full cost of repair or replacement of loss (without deduction for depreciation); or (c) loss of business income.
3.  If the appraisers fail to agree, they shall submit their differences only to the umpire.

## DECLARATION OF APPRAISERS

STATE OF _____

COUNTY OF _____

We, the undersigned, do solemnly swear that we will act with strict impartiality in making an appraisement and estimate of the values and loss upon the property hereinbefore mentioned, in accordance with the foregoing appointment, and that we will make a true, just and conscientious award of the same, according to the best of our knowledge, skill and judgment. We are not related to the insured, either as creditors or otherwise, and are not interested in said property or the insurance thereon.

@ _____
_(Appraiser)_

_____
_(Appraiser)_

Subscribed and sworn to before me this _____ day of _____ , _____
_(Year)_

_____
_(Notary Public)_

5-1871 05/01

AGREEMENT FOR SUBMISSION TO APPRAISERS (COMMERCIAL)

It is hereby agreed, by and between ___Coxs Paradise LLC___

and __All America Insurance Company__ (Insured) that a disagreement exists as to the actual cash value, the
(Insurance Company)

amount of loss, or the cost of repair or replacement as a result of a ___wind___ ___loss on __May 20, 2011__
(Peril)                            (Month, Day, Year)

__ing and cost of repairs for direct damage, related wind, pre-exist-__

to the insured item(s) item(s): __building - Question to related wind, pre-exist-__

located at __179 Hwy 45 W. Humboldt, TN__
(Address of Insured Dwelling)

__8629647__ ____, effective __4/1/11__ to __4/1/12__ and insured by Policy Number
(Insured)                              (Month, Day, Year)          (Month, Day, Year)
                                                                    (Insurance Company)

Appraisal if we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the
loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot
agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of
the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will
be binding. Each party will pay its chosen appraiser, and bear the other expenses of the appraisal and umpire equally. If there is an
appraisal, we will still retain our right to deny the claim.

## APPRAISER APPOINTMENTS

The insured hereby selects _____
(Name)          (Phone)

as his/her competent and disinterested appraiser. _____
(Address)

The Insurance Company hereby selects __John Chianese__ __828-779-2270__
(Name)          (Phone)

__47 Cherokee Trail   Fletcher, NC  28732__
as its competent and disinterested appraiser. _____
(Address)

## DUTIES OF APPRAISERS

1. Appraisers shall first select a competent and disinterested umpire. If they fail to agree either may request that selection be
made by a judge of a court having jurisdiction.

2. Appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; if requested by Insured or
Company, the appraisers shall also appraise (a) full replacement cost of the described property; (b) full cost of repair or
replacement of loss (without deduction for depreciation); or (c) loss of business income.

3. If the appraisers fail to agree, they shall submit their differences only to the umpire.

## DECLARATION OF APPRAISERS

STATE OF _____

COUNTY OF _____

We, the undersigned, do solemnly swear that we will act with strict impartiality in making an appraisement and estimate of
the values and loss upon the property hereinbefore mentioned, in accordance with the foregoing appointment, and that we will make a
true, just and conscientious award of the same, according to the best of our knowledge, skill and judgment. We are not related to the
insured, either as creditors or otherwise, and are not interested in said property or the insurance thereon.

_____
(Appraiser)

_____
(Appraisers)

Subscribed and sworn to before me this _____ day of _____ , _____
(Year)

_____
(Notary Public)

5-1877 05/01

## AGREEMENT FOR SUBMISSION TO APPRAISERS (COMMERCIAL)

It is hereby agreed, by and between ___Cox's Paradise LLC___
(Insured)
and __All America Insurance Company__
(Insurance Company) _____ that a disagreement exists as to the actual cash value, the
amount of loss, or the cost or repair or replacement as a result of a ___wind___
to the insured item(s) item(s): ___building - Question to related wind, pre-exist-___
(Peril) _____ loss on __May 20, 2011__
___lag and cost of repairs for direct damage.___ (Month, Day, Year)
located at __222B North Pkwy, Jackson, TN__
(Address of Insured Dwelling)
__86 29647__, effective __4/1/11__ to __4/1/12__ and insured by Policy Number
(Month, Day, Year) _____ (Month, Day, Year)
@ _____ _____
(Insured) _____ (Insurance Company)

Appraisal if we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the
loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot
agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of
the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will
be binding. Each party will pay its chosen appraiser; and bear the other expenses of the appraisal and umpire equally. If there is an
appraisal, we will still retain our right to deny the claim.

### APPRAISER APPOINTMENTS

The insured hereby selects _____ _____
(Name) _____ (Phone)
_____
as his/her competent and disinterested appraiser. _____
(Address)
The Insurance Company hereby selects __John Chianese__ __828-TA.2270__
__47 Cherokee Trail__ (Name) _____ (Phone)
__Fletcher, NC   28732__
as its competent and disinterested appraiser. _____
(Address)

### DUTIES OF APPRAISERS

1. Appraisers shall first select a competent and disinterested umpire. If they fail to agree either may request that selection be
made by a judge of a court having jurisdiction.
2. Appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; if requested by Insured or
Company, the appraisers shall also appraise (a) full replacement cost of the described property; (b) full cost of repair or
replacement of loss (without deduction for depreciation); or (c) loss of business income.
3. If the appraisers fail to agree, they shall submit their differences only to the umpire.

### DECLARATION OF APPRAISERS

STATE OF _____

COUNTY OF _____

We, the undersigned, do solemnly swear that we will act with strict impartiality in making an appraisement and estimate of
the values and loss upon the property hereinbefore mentioned, in accordance with the foregoing appointment, and that we will make a
true, just and conscientious award of the same, according to the best of our knowledge, skill and judgment. We are not related to the
insured, either as creditors or otherwise, and are not interested in said property or the insurance thereon.

_____
(Appraiser)

_____
(Appraiser)

Subscribed and sworn to before me this _____ day of _____, _____.
(Year)

_____
(Notary Public)

5-1871-01/01



**CENTRAL
INSURANCE
COMPANIES**

*Fulfilling the Promise Since 1876*

October 4, 2012

MR. FLINT COX
COXS PARADISE LLC
23 WEATHERFORD SQ
JACKSON, TN 38305-2202


RE:    INSURED: COXS PARADISE LLC
       POLICY#: 8629647
       DATE OF LOSS: 05 / 20 / 11


Dear Mr. Cox:

Enclosed are the appraisal forms signed by our appraiser, John
Chianese. The property addresses for this claim are:

820 Lower Brownsville Rd., Jackson
132 Miller Dr., Jackson
2224 North Pkwy, Jackson

Please have your appraiser sign the enclosed forms to acknowledge their
appointment and return.  Please remember, the policy plainly states an
appraiser is to be competent and impartial.  Once we have confirmation
of your appraiser, the two appraisers can begin working toward agreeing
on an umpire.  If the appraisers cannot agree on an umpire, one will
have to be appointed by the court.

Please contact me if you have any questions.



Sincerely,

David Brown, C.P.C.U., A.I.C.
Sr Property Claim Specialist
All America Insurance Company
PHONE:     (800)549-0213
FAX:       (800)877-2293
E-MAIL:    dbrown@central-insurance.com

AGREEMENT FOR SUBMISSION TO APPRAISERS (COMMERCIAL)

It is hereby agreed, by and between ___Cox's Paradise LLC___
_____(Insured)
and ___All America Insurance Company___ that a disagreement exists as to the actual cash value, the
(Insurance Company)
amount of loss, or the cost or repair or replacement as a result of a ___wind___ loss on ___May 20, 2011___
(Peril)                                        (Month, Day, Year)
to the insured item(s) item(s) ___building - Question to related wind, pre-exist-___
___ing and cost of repairs for direct damage___
located at ___820 Lower Brownsville Rd. Jackson, TN___ and insured by Policy Number
(Address of Insured Dwelling)
___8629647___, effective ___4/1/11___ to ___4/1/12___
(Month, Day, Year)            (Month, Day, Year)

_____    _____
(Insured)                                                        (Insurance Company)

Appraisal if we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the
loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot
agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of
the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will
be binding. Each party will pay its chosen appraiser; and bear the other expenses of the appraisal and umpire equally. If there is an
appraisal, we will still retain our right to deny the claim.

APPRAISER APPOINTMENTS

The insured hereby selects _____
(Name)                          (Phone)

as his/her competent and disinterested appraiser. _____
(Address)

The Insurance Company hereby selects ___John Chianese___  ___828-779-2270___
(Phone)
___47 Cherokee Trail    Fletcher, NC   28732___
(Road)                                    (Phone)
as its competent and disinterested appraiser. _____
(Address)

DUTIES OF APPRAISERS

1.    Appraisers shall first select a competent and disinterested umpire. If they fail to agree either may request that selection be
      made by a judge of a court having jurisdiction.
2.    Appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; if requested by Insured or
      Company, the appraisers shall also appraise (a) full replacement cost of the described property; (b) full cost of repair or
      replacement of loss (without deduction for depreciation); or (c) loss of business income.
3.    If the appraisers fail to agree, they shall submit their differences only to the umpire.

DECLARATION OF APPRAISERS

STATE OF _____

COUNTY OF _____

We, the undersigned, do solemnly swear that we will act with strict impartiality in making an appraisement and estimate of
the values and loss upon the property hereinbefore mentioned, in accordance with the foregoing appointment, and that we will make a
true, just and conscientious award of the same, according to the best of our knowledge, skill and judgment. We are not related to the
insured, either as creditors or otherwise, and are not interested in said property or the insurance thereon.

_____
(Appraiser)

_____
(Appraiser)

Subscribed and sworn to before me this _____ day of _____, _____.
(Year)

_____
(Notary Public)

5-1871 03/01

## AGREEMENT FOR SUBMISSION TO APPRAISERS (COMMERCIAL)

It is hereby agreed, by and between _Cox's Paradise LLC_

and _All America Insurance Company_ (insured) that a disagreement exists as to the actual cash value, the
(Insurance Company)

amount of loss, or the cost or repair or replacement as a result of a _wind_ loss on _May 20, 2011_
(Peril)                                    (Month, Day, Year)

to the insured item(s) item(s): _building - question to related wind, pre-exist-_
_ing and cost of repairs for direct damage._

located at _132 Miller Dr. Jackson, TN_
(Address of Insured Dwelling)                                      and insured by Policy Number

_8629647_ , effective _4/1/11_ to _4/1/12_
(Month, Day, Year)                              (Month, Day, Year)

_____                          _____
(Insured)                                          (Insurance Company)

Appraisal if we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the
loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot
agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of
the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will
be binding. Each party will pay its chosen appraiser; and bear the other expenses of the appraisal and umpire equally. If there is an
appraisal, we will still retain our right to deny the claim.

### APPRAISER APPOINTMENTS

The insured hereby selects _____
(Name)            (Phone)

as his/her competent and disinterested appraiser. _____
(Address)

The Insurance Company hereby selects _John Chianese_    _828-779-2270_
(Phone)

_47 Cherokee Trail   Fletcher, NC   28732_
(Address)

as its competent and disinterested appraiser.

### DUTIES OF APPRAISERS

1.  Appraisers shall first select a competent and disinterested umpire. If they fail to agree either may request that selection be
    made by a judge of a court having jurisdiction.
2.  Appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; if requested by Insured or
    Company, the appraisers shall also appraise (a) full replacement cost of the described property; (b) full cost of repair or
    replacement of loss (without deduction for depreciation); or (c) loss of business income.
3.  If the appraisers fail to agree, they shall submit their differences only to the umpire.

### DECLARATION OF APPRAISERS

STATE OF _____

COUNTY OF _____

We, the undersigned, do solemnly swear that we will act with strict impartiality in making an appraisement and estimate of
the values and loss upon the property hereinbefore mentioned, in accordance with the foregoing appointment, and that we will make a
true, just and conscientious award of the same, according to the best of our knowledge, skill and judgment. We are not related to the
insured, either as creditors or otherwise, and are not interested in said property or the insurance thereon.

_____
(Appraiser)

_____
(Appraiser)

Subscribed and sworn to before me this _____ day of _____, _____.
(Year)

_____
(Notary Public)

5-1871 05/01

## AGREEMENT FOR SUBMISSION TO APPRAISERS (COMMERCIAL)

It is hereby agreed, by and between _Coxs Paradise LLC_

and _All America Insurance Company_ _(insured)_ that a disagreement exists as to the actual cash value, the
(Insurance Company)
amount of loss, or the cost or repair or replacement as a result of a _wind_
to the insured item(s) item(s): _building - Question to related wind, pre-exist-_ loss on _May 20 2011_
(Peril)                                                        (Month, Day, Year)
_ing and cost of repairs for direct damage._
located at _2224 North Parkway           Jackson, TN_
(Address of Insured Dwelling)
_8629647_ , effective _4/1/11_ to _4/1/12_ , and insured by Policy Number
@                                        (Month, Day, Year)        (Month, Day, Year)
(Insured)                                                                    (Insurance Company)

Appraisal if we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will pay its chosen appraiser; and bear the other expenses of the appraisal and umpire equally. If there is an appraisal, we will still retain our right to deny the claim.

## APPRAISER APPOINTMENTS

The insured hereby selects _____
(Name)                          (Phone)

as his/her competent and disinterested appraiser. _____
(Address)

The Insurance Company hereby selects _John Chianese_    _828-779-2270_
(Name)              (Phone)
_47 Cherokee Trail   Fletcher, NC   28732_
as its competent and disinterested appraiser. (Address)

## DUTIES OF APPRAISERS

1. Appraisers shall first select a competent and disinterested umpire. If they fail to agree either may request that selection be made by a judge of a court having jurisdiction.
2. Appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; if requested by Insured or Company, the appraisers shall also appraise (a) full replacement cost of the described property; (b) full cost of repair or replacement of loss (without deduction for depreciation); or (c) loss of business income.
3. If the appraisers fail to agree, they shall submit their differences only to the umpire.

## DECLARATION OF APPRAISERS

STATE OF _____

COUNTY OF _____

We, the undersigned, do solemnly swear that we will act with strict impartiality in making an appraisement and estimate of the values and loss upon the property hereinbefore mentioned, in accordance with the foregoing appointment, and that we will make a true, just and conscientious award of the same, according to the best of our knowledge, skill and judgment. We are not related to the insured, either as creditors or otherwise, and are not interested in said property or the insurance thereon.

@ _____
(Appraiser)

_____
(Appraiser)

Subscribed and sworn to before me this _____ day of _____, _____ ,
(Year)

_____
(Notary Public)

5-1871 05/01



**CENTRAL
INSURANCE
COMPANIES**

*Fulfilling the Promise Since 1876*

October 4, 2012


MR. FLINT COX
COX MCCARVER LP
23 WEATHERFORD SQ
JACKSON, TN 38305



RE:    INSURED: COX MCCARVER LP
       POLICY#: 8882795
       DATE OF LOSS: 04 / 25 / 11
       RE: 71 WISTERIA ST., JACKSON, TN


Dear Mr. Cox:

Enclosed is the appraisal form signed by our appraiser, John Chianese.

Please have your appraiser sign the enclosed form to acknowledge their
appointment and return.  Please remember, the policy plainly states an
appraiser is to be competent and impartial.  Once we have confirmation
of your appraiser, the two appraisers can begin working toward agreeing
on an umpire.  If the appraisers cannot agree on an umpire, one will
have to be appointed by the court.

Please contact me if you have any questions.



Sincerely,

David Brown, C.P.C.U., A.I.C.
Sr Property Claim Specialist
Central Mutual Insurance Company
PHONE:     (800)549-0213
FAX:       (800)877-2293
E-MAIL:    dbrown@central-insurance.com




CC:  John Chianese

6-1352 04/03

## AGREEMENT FOR SUBMISSION TO APPRAISERS (COMMERCIAL)

It is hereby agreed, by and between _Cox Mc Carver LP_
_____
(Insured)

and _Central Mutual Insurance Company_ that a disagreement exists as to the actual cash value, the
(Insurance Company)

amount of loss, or the cost or repair or replacement as a result of a _Wind_ loss on _Apr. 25, 2011_
(Peril)                      (Month, Day, Year)

to the insured item(s) item(s): _Building — Questions regard related wind_
_Damage, pre-exist and related repair cost_

located at _71 Wisteria St. Jackson, TN_ and insured by Policy Number
(Address of Insured Dwelling)

_8882795_ , effective _June 2010_ to _June 2011_ ,
(Month, Day, Year)         (Month, Day, Year)

_____          _____
(Insured)                                (Insurance Company)

Appraisal if we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will pay its chosen appraiser; and bear the other expenses of the appraisal and umpire equally. If there is an appraisal, we will still retain our right to deny the claim.

### APPRAISER APPOINTMENTS

The insured hereby selects _____
(Name)              (Phone)

_____
(Address)

as his/her competent and disinterested appraiser.

The Insurance Company hereby selects _John Chianese_ _828 779-2270_
(Name)              (Phone)

_47 Cherokee Trail, Fletcher, NC 28732_

as its competent and disinterested appraiser.
(Address)

### DUTIES OF APPRAISERS

1.  Appraisers shall first select a competent and disinterested umpire. If they fail to agree either may request that selection be made by a judge of a court having jurisdiction.
2.  Appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; if requested by Insured or Company, the appraisers shall also appraise (a) full replacement cost of the described property; (b) full cost of repair or replacement of loss (without deduction for depreciation); or (c) loss of business income.
3.  If the appraisers fail to agree, they shall submit their differences only to the umpire.

### DECLARATION OF APPRAISERS

STATE OF _____

COUNTY OF _____

We, the undersigned, do solemnly swear that we will act with strict impartiality in making an appraisement and estimate of the values and loss upon the property hereinbefore mentioned, in accordance with the foregoing appointment, and that we will make a true, just and conscientious award of the same, according to the best of our knowledge, skill and judgment. We are not related to the insured, either as creditors or otherwise, and are not interested in said property or the insurance thereon.

_John A. Chianese_
(Appraiser)

_____
(Appraiser)

Subscribed and sworn to before me this _____ day of _____ , _____.
(Year)

_____
(Notary Public)

S-1871 05/01



CENTRAL
INSURANCE
COMPANIES

*Fulfilling the Promise Since 1876*

October 4, 2012

CCM ASSOCIATES LLC
C/O  FLINT COX
23 WEATHERFORD SQ
JACKSON, TN 38305

RE:    INSURED: CCM ASSOCIATES LLC
       POLICY#: 8877612
       DATE OF LOSS: 05 / 20 / 11
       RE:2330 EASTEND DR., HUMBOLDT, TN

Dear Mr. Cox:

Enclosed is the appraisal form signed by our appraiser, John Chianese.

Please have your appraiser sign the enclosed form to acknowledge their
appointment and return.  Please remember, the policy plainly states an
appraiser is to be competent and impartial.  Once we have confirmation
of your appraiser, the two appraisers can begin working toward agreeing
on an umpire.  If the appraisers cannot agree on an umpire, one will
have to be appointed by the court.

Please contact me if you have any questions.

Sincerely,

David Brown, C.P.C.U., A.I.C.
Sr Property Claim Specialist
Central Mutual Insurance Company
PHONE:     (800)549-0213
FAX:       (800)877-2293
E-MAIL:    dbrown@central-insurance.com

CC:  John Chianese

## AGREEMENT FOR SUBMISSION TO APPRAISERS (COMMERCIAL)

It is hereby agreed, by and between ___CCM Associates LLC___

and ___Central Mutual Insurance Company___ that a disagreement exists as to the actual cash value, the
(Insurance Company)

amount of loss, or the cost or repair or replacement as a result of a ___Wind___ loss on ___May 20, 2011___
(Peril)                                    (Month, Day, Year)

to the insured item(s) item(s): ___building – Questions regarding both related wind___
___damage and cost of related repairs and pre-existing condition___

located at ___7330 Eastend Dr. Humboldt, TN___ and insured by Policy Number
(Address of Insured Dwelling)

___8877612___ , effective ___8/13/10___ to ___8/13/11___ ,
(Month, Day, Year)       (Month, Day, Year)

_____        ___Candy Brown___
(Insured)                                                  (Insurance Company)

Appraisal if we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will pay its chosen appraiser, and bear the other expenses of the appraisal and umpire equally. If there is an appraisal, we will still retain our right to deny the claim.

### APPRAISER APPOINTMENTS

The insured hereby selects _____
(Name)            (Phone)

as his/her competent and disinterested appraiser. _____
(Address)

The Insurance Company hereby selects ___John Chianese___ ___828-779-2270___
(Name)            (Phone)

___47 Cherokee Trail, Fletcher, NC 28732___
(Address)

as its competent and disinterested appraiser.

### DUTIES OF APPRAISERS

1. Appraisers shall first select a competent and disinterested umpire. If they fail to agree either may request that selection be made by a judge of a court having jurisdiction.
2. Appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; if requested by Insured or Company, the appraisers shall also appraise (a) full replacement cost of the described property; (b) full cost of repair or replacement of loss (without deduction for depreciation); or (c) loss of business income.
3. If the appraisers fail to agree, they shall submit their differences only to the umpire.

### DECLARATION OF APPRAISERS

STATE OF _____

COUNTY OF _____

We, the undersigned, do solemnly swear that we will act with strict impartiality in making an appraisement and estimate of the values and loss upon the property hereinbefore mentioned, in accordance with the foregoing appointment, and that we will make a true, just and conscientious award of the same, according to the best of our knowledge, skill and judgment. We are not related to the insured, either as creditors or otherwise, and are not interested in said property or the insurance thereon.

_____
(Appraiser)

_____
(Appraiser)

Subscribed and sworn to before me this _____ day of _____ , _____.
(Year)

_____
(Notary Public)

5-1871 05/01