IN THE CHANCERY COURT OF MADISON COUNTY, TENNESSEE

| | |
|---|---|
| COX'S PARADISE, LLC, | ) |
| Plaintiff, | ) ) ) |
| VS. | ) NO. 70442 |
| CENTRAL MUTUAL INSURANCE COMPANY, d/b/a CENTRAL INSURANCE COMPANIES, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER TO COMPLETE APPRAISAL PROCESS

This matter came on to be heard on the motion of Plaintiffs Cox-McCarver, LP; Cox's Paradise, LLC; CCM Associates, LLC, and Flint and Kay Cox; (collectively "Cox") to have this Court:

A. Reaffirm its previous appointment of Greg Bird as an umpire for the appraisal panel:

B. Set a scheduling order for the timely completion of the appraisal process:

C. Enter an order abating discovery until the completion of the appraisal process.

After a hearing in open court, argument by counsel, and review of the record as a whole, it appearing to the Court that the Plaintiffs' motion is well taken, it is, therefore, ordered, and adjudged as follows:

1. The contracts of insurance between the parties allows either party to invoke the appraisal process, and pursuant to this process this Court has previously appointed Greg Bird as an umpire, which is affirmed.

2. The parties are hereby ordered to proceed with the appraisal process as defined by the policies in good faith and shall cooperate with the umpire in rendering decisions as to the evaluation of the damages, if any, to the following properties in accord with the

EXHIBIT #6

schedule below:

    A. On or before July 1, 2014: 235 Highway 45 Bypass, Humboldt, TN; 2330 East End Drive, Humboldt, TN; 221 Highway 45N, Humboldt, TN.

    B. On or before September 1, 2014: 2228 North Parkway, Jackson, TN; 132 Miller Ave, Jackson, TN; 71 Wisteria St., Jackson, TN; 185 Highway 45, Humboldt, TN.

    C. On or before November1, 2014: 820 Lower Brownsville Rd, Jackson, TN; 179 Highway 45, Humboldt, TN; 219 Highway 45, Humboldt, TN; 58 Truck Center Drive, Jackson, TN.

Each side shall render prompt payment for their half of the expenses for the umpire's services and related appraisal expenses.

3. The appraisal process shall proceed in the manner determined by the umpire and in accord with this Order. The umpire may gather any information from any source and any manner he deems appropriate to complete the appraisal process. This may include contact and communication with either of the appraisers as the umpire deems necessary. The parties' duly appointed appraisers are, however, prohibited from initiating contact with the umpire *ex parte*. Any reports, letters, emails, or other documents sent by an appraiser to the umpire shall be copied to the other appraiser.

4. All formal discovery is suspended pending the completion of the appraisal process or other others of this Court.

    ENTERED this the _____ day of _____, 2014.

_____
JAMES F. BUTLER, CHANCELLOR

APPROVED FOR ENTRY BY:

_____
Charles H. Barnett, III – 008721
Sara E. Barnett – 021379
312 E. Lafayette, P.O. Box 2004
Jackson, TN 38302-2004
731-424-0461

AND

William W. Lundquist – TX No. 24041369
(Admitted *Pro Hac Vice* in TN)
Lundquist Law Firm PLLC
440 Louisiana St., Ste. 1600
Houston, TX 77002
713-757-1400

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing has been served on:

Mr. Stuart James
Attorney at Law
The James Building
735 Broad Street, Ste. 908
Chattanooga, TN 37402

by depositing the same in the United States mail, postage prepaid, addressed as shown above, on the 25th day of April, 2014.

_____