# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TENNESSEE EASTERN DIVISION

MIDDLESEX INSURAMCE COMPANY,

    Plaintiff,

vs.                                                        2:21-cv-02524-JTF-cgc

COX'S PARADISE, LLC,,

    Defendant.

## DEFENDANT'S MOTION TO EXTEND DEADLINES

Come now the Defendant, by and through counsel, pursuant to Fed. R. Civ. P. 6(b)(l) and 16(b)(4), for purposes of providing the Court with an update, and respectfully moving this case. In support of this Motion, the Defendant submits, as follows:

1. Previous counsel for Defendant, David Farber ("Farber"), was involved in a serious accident involving a motor-driven scooter on May 8, 2025, where he fractured/dislocated his left shoulder and severely fractured/dislocated right elbow, broke both wrists and suffered a head injury among other injuries, causing extensive limitations for an unknown amount of time.

2. Mr. Farber's rehabilitation and recovery has been longer and less successful than hoped for and as a result Mr. Farber has withdrawn from all litigation he had pending in the state of Tennessee.

3. Lewis Cobb, has represented Defendant Flint Cox in other matters previously, but have not previously represented him in these insurance claims, but has agrees to appear on behalf of Defendant in this matter, but will need additional time to review the number of detailed expert reports in this matter, the appraisal, and the opinion of the umpire, who it appears has reached

an opinion on causation which is outside the scope of an umpire. This issue is the subject of Defendant's previous filed pleading Motion to Vacate Appraisal Award and Abate [D.E. 84].

4. Plaintiff also filed a Motion for Summary Judgment [D.E. 86] on September 9, 2025. Mr. Cobb did not receive notice of this pleading at the time of filing, as he had not yet appeared in this matter. He has recently obtained a copy after appearance but will need additional time, of at least (90) ninety days, to complete the needed reviews, any additional discovery, and respond to the Summary Judgment motion.

5. Defendant requests this Court to modify the existing Order Granting Unopposed Motion to Extend Deadlines. [D.E. 80], to reflect the following deadlines:

1. COMPLETING MEDIATION: December 16, 2025

2. COMPLETING DISCOVERY including depositions: December 20, 2025

3. PLAINTIFF and DEFENDANT shall DISCLOSE ANY RULE 26(a)(2) EXPERT DISCLOSURES: November 22, 2025

4. FILING DISPOSITIVE MOTIONS and MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS: February 3, 2025.

5. **Trial Setting:** The trial date will be set by the Court under separate notice.

6. "When an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(l). When a party seeks an extension before the relative deadline has lapsed, the Court need only find there is good cause to grant an extension, "with or without motion or notice" from the requesting party. Fed. R. Civ. P. 6(b)(l)(A).

7. Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." Inge v. Rock Fin. C0lp., 281 F.3d 613,625 (6th

Cir.2002) (quoting Bradford v. DANA C01p., 249 F.3d 807, 809 (8th Cir. 2001)). The party seeking modification must show "that despite their diligence they could not meet the original deadline." Leary v. Daeschner, 349 F.3d 888, 907 (6th Cir. 2003). In addition, "a determination of the potential prejudice to the nonmovant also is required when a district court decides whether or not to amend a scheduling order." Id. at 909.

8. Defendant now seeks continuance and extension of deadlines in light of the unforeseen injuries occurring to previous counsel for Defendant on May 8, 2025, and need for new counsel to appear on behalf of the Defendant. [D.E. 88].

9. The Defendant respectfully moves this Honorable Court for entry of an Order extending all deadlines in Defendant's Motion to Extend Deadlines, as modified by Order Granting Unopposed Motion to Extend Deadlines [D.E. 80], by (90) ninety days, including the trial date, based upon Defendant's prior counsel's accident that has interfered with Defendant's counsel's ability to participate in the case, his need to rehabilitate, lack of opposition by or prejudice to Plaintiff, and in the interests of courtesy.

**WHEREFORE**, based upon the foregoing and for good cause shown, the Defendant respectfully moves the Court to enter the proposed Order Granting Motion to Extend Deadlines, which has been submitted contemporaneously in accordance with Local Rules.

Respectfully submitted,

_/s/ Lewis L. Cobb_
Lewis Cobb
Attorney for Plaintiff
**SPRAGINS, BARNETT & COBB, PLC**
312 E. Lafayette Street
Jackson 38301
*Office:* 731.424.0461
*Fax:* 731.424.0562
email: lewiscobb@spragginslaw.com

## CERTIFICATE OF CONSULTATION

Pursuant to Local Rule 7.2(a)(l)(B), counsel for Defendant consulted with Plaintiff's counsel, Seth Hunter via telephone on September 22, 2025, regarding Defendant's need and reasons for filing the motion. As of the filing of this motion, Mr. Hunter represented he had not yet been able to speak with his client.

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and exact copy of the foregoing has been mailed electronically via the Court's Electronic Filing System to the following on this the 2nd day of June 2025 to:

> Seth T. Hunter, Esq.
> Brenen Ely, Esq.
> Lauren A. Wiggins,
> Esq. Ely & Isenberg,
> LLC
> 3500 Blue Lake Drive, Suite 345
> Birmingham, Alabama 35243

> s/ *Lewis L. Cobb*
> LEWIS L. COBB, ESQUIRE